IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cameron R. Extine,   Case No. 3:21-cv-2278-JGC

        Plaintiff,

   v.   **ORDER**

Commissioner of Social Security,

        Defendant.

This is an appeal from the Social Security Administration's denial of Social Security benefits to Plaintiff, Cameron R. Extine.[1] The Honorable Magistrate Judge Amanda Knapp issued a Report and Recommendation, recommending that I deny Plaintiff's appeal. *Extine v. Comm'r of Soc. Sec.*, No. 3:21-CV-02278, 2022 WL 17717414, at *1 (N.D. Ohio Nov. 8, 2022) (Knapp, M.J.).

Plaintiff has filed an objection (Doc. 14), and the Commissioner has elected to rest on his previously filed brief (Doc. 15 (citing Doc. 10)).

For the following reasons, I overrule Plaintiff's objection, and I approve and adopt Judge Knapp's Report and Recommendation.

---

[1] The Report and Recommendation noted that Plaintiff preferred feminine pronouns. *Extine, supra*, 2022 WL 17717414, at *1 n.1. Plaintiff's objection brief, however, uses masculine pronouns. (Doc. 14). I cannot definitively say which is Plaintiff's preference today, but I will use masculine pronouns in deference to Plaintiff's most recent court filing, Doc. 14.

**Discussion**

Plaintiff's sole objection is that "the ALJ [Administrative Law Judge] failed to properly evaluate the opinions provided by the state agency psychologists." (Doc. 14, pgID 954). As an initial matter, Plaintiff's objection appears to be directed at the ALJ's report. I do not know to which part of the Magistrate Judge's Report and Recommendation he specifically objects. Fed. R. Civ. P. 72 ("[A] party may serve and file specific written objections to the proposed findings and recommendations [of the magistrate judge]."). Plaintiff's objection and supporting memorandum does not point to any specific instance of the Magistrate Judge's report that he claims was error.

Plaintiff merely rehashes and summarizes his original arguments against the ALJ and suggests that I "carefully review the arguments set forth" in his original brief on the merits. (Doc. 14, pgID 954 (citing Doc. 7)). This is not a proper objection. *See Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 626 (E.D. Mich. 2022), *aff'd,* 2022 WL 17348838 (6th Cir. Dec. 1, 2022). (This objection seemingly rehashes Plaintiff's disagreement with the ALJ's finding[s] . . . . This challenge is not a proper objection to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), because it merely rehashes [Plaintiff]'s arguments. Because [the] objection is not proper, it will be overruled.") (internal citation and quotation marks omitted); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("Plaintiff's objections to the [report and recommendation] failed specifically to address the findings of the magistrate. Her objections disputed the correctness of the magistrate's recommendation but failed to specify the findings that she believed were in error.").

Nevertheless, to the extent Plaintiff claims the Report and Recommendation erred in its application of the "substantial evidence" standard, that objection is unfounded.

2

When a disability claimant appeals an ALJ's denial of benefits to the District Court, my review is limited to (1) whether the ALJ applied the correct legal standards and (2) whether the findings of the ALJ were supported by "substantial evidence." *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

"Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). However, I do not give this deference where the ALJ's reasoning does not "build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (Lioi, J.) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Stacey v. Comm'r of Soc. Sec.*, 451 Fed. App'x 517, 519 (6th Cir. 2011) (The ALJ "must say enough to allow the appellate court to trace the path of his reasoning.") (internal quotation marks omitted).

If the ALJ's findings are supported by substantial evidence, even if I disagree, they are conclusive. I do not reopen the book *de novo* and replace my own reasoning for the ALJ's.

Here, I agree fully with the Report and Recommendation that the ALJ properly supported his residual functional capacity ("RFC") determination with substantial evidence.

The RFC limited Plaintiff to "occasional interaction with the general public, coworkers, and supervisors." Plaintiff argues that the RFC left out one word from a state agency psychological consultant report—that Plaintiff should have been limited to "occasional *superficial* interaction" with others. (Doc 14, pgID 954). But an ALJ "is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

3

Further, the ALJ explained why he did not include the word "superficial." He pointed to record evidence that showed how Plaintiff was capable of more than just superficial interaction. This evidence included cooperative and pleasant interactions during his medical appointments; ability to go shopping and go to stores; interacting with clerks at the stores; ability to interact with friends; going to a shooting range every three weeks; going on walks with his father; playing video games and interacting online with friends; seeing movies in movie theaters; planning to visit a friend out of state; and speaking and interacting with strangers. *Extine, supra*, 2022 WL 17717414, at *15.

Plaintiff argues that the ALJ did not build a "logical bridge between the evidence and the result." (Doc. 14, pgID 955 (quoting *Fleischer, supra*, 774 F. Supp. 2d at 877)). But the demonstrative evidence here *is* the logical bridge. The ALJ explained his reasons for not including a superficial interaction limitation. He did so by gathering record evidence of specific instances where Plaintiff engaged in more than superficial social interactions.

The ALJ's reasoning is intrinsic to the evidence—that these social interactions show how Plaintiff was capable of more extended interactions. Therefore, I conclude that the ALJ properly supported his RFC determination with substantial evidence.

## Conclusion

I agree with the Magistrate Judge that the ALJ articulated his analysis enough "to allow the [reviewing] court to trace the path of his reasoning." *Stacey v. Comm'r of Soc. Sec.*, 451 Fed. App'x 517, 519 (6th Cir. 2011). Also, absent a specific objection to the Report and Recommendation, I decline Plaintiff's invitation to go hunting for flaws in the Magistrate Judge's well-reasoned and thorough opinion.

It is, therefore,

ORDERED THAT:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 14) be, and the same hereby are, overruled;

2. The Report and Recommendation (Doc. 13) be, and the same hereby is, approved and adopted;

3. The Commissioner's final decision denying Plaintiff's applications for Child Disability Benefits and Social Security Income be, and the same hereby is, affirmed.

4. The Clerk of Court shall mark this matter closed.

SO ORDERED.

/s/ *James G. Carr*
Sr. U.S. District Judge